```
             IN THE UNITED STATES DISTRICT COURT FOR THE
                     EASTERN DISTRICT OF VIRGINIA

                          Alexandria Division

 MATTHEW JAMES ADDY,              )
                                  )
      Petitioner,                 )
                                  )
           v.                     )      1:13cr57
                                  )      1:14cv166
                                  )
 UNITED STATES OF AMERICA,        )
                                  )
      Respondent.                 )
```

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Petitioner Matthew James Addy's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. [Dkt. 21.] Also before the Court is Petitioner's Motion to Appoint Counsel. [Dkt. 22.] For the following reasons, the Court will deny Petitioner's motions.

### I. Background

On February 22, 2013, Petitioner waived indictment and pled guilty to a single count of securities fraud. (Plea Mins. [Dkt. 3] at 1.) In a statement of facts filed in connection with his plea, Petitioner admitted that from 2010 through 2012 he ran a Ponzi scheme that involved the supposed purchase and resale of jewelry and precious stones. (Statement of Facts [Dkt. 5] at 1-2.) He admitted to recruiting investors and issuing fake promissory notes that supposedly secured their

investment and guaranteed twenty percent returns. (*Id.* at 2.) Petitioner paid out returns to some existing investors and failed to disclose that these disbursements actually came from funds contributed by new investors. (*Id.* at 3.) In his plea agreement, Petitioner further agreed that the loss attributable to his conduct fell between $2.5 million and $7 million, and that the offense involved ten or more victims. (Plea Agreement [Dkt. 4] at 3.)

On April 5, 2013, the United States Probation Office issued a presentence report, calculating Petitioner's Guidelines range at 51 to 63 months. (Presentence Report [Dkt. 9] at 24.) Following a hearing on this matter, the Court sentenced Petitioner to 51 months incarceration. (Sentencing Mins. [Dkt. 15] at 1.) The Court also entered an agreed restitution order calling for the payment of $2.7 million to 34 different victims. (Restitution Order [Dkt. 19] at 1-2.)

Petitioner did not appeal, and instead filed the instant motion on February 6, 2014. (Mot. to Vacate (as paginated by CM/ECF) at 13.) As grounds for relief, Petitioner claims that defense counsel from the Office of the Federal Public Defender provided ineffective assistance by failing to raise the following arguments at sentencing: (1) that Petitioner's extraordinary family circumstances and compelling § 3553 factors warranted a downward variance; (2) that the number

2

of victims in this case was actually fewer than ten; (3) that the loss amount at issue was actually less than $2.7 million; (4) that Petitioner ran a legitimate business in the years prior to the fraud; and (5) that Petitioner was entitled to a downward variance for voluntary disclosure under U.S.S.G. § 5K2.16. (Mot. to Vacate at 4-8, 14.) According to Petitioner, counsel's failure to raise these arguments resulted in an enhanced sentencing range. (*Id.* at 13.) Petitioner asks to be resentenced and to serve whatever new sentence is imposed in home confinement. (*Id.*)

Petitioner has also filed a motion asking the Court to appoint counsel in this matter. (Mot. to Appoint Counsel at 1.) Petitioner claims that assigned counsel is necessary because he "does not have the means to pay" for an attorney. (*Id.*) Apparently unhappy with past services rendered, Petitioner specifically asks that "counsel is not appointed from the Federal Public Defenders office[.]" (*Id.*)

Petitioner's motions are addressed below.

## II. Analysis

A. <u>Motion to Appoint Counsel</u>

The Court will first take up Petitioner's request for a Court appointed attorney. It is well settled that "a criminal defendant has no right to counsel beyond his first appeal[.]" *Coleman v. Thompson*, 501 U.S. 722, 756 (1991). Nevertheless, a

3

Case 1:13-cr-00057-JCC   Document 26   Filed 03/19/14   Page 4 of 12 PageID# 259

trial court may appoint counsel to a financially eligible person seeking habeas relief if justice so requires. *See United States v. Rhodes*, No. 3:08CR82, 2013 WL 150335, at *5 (E.D. Va. Jan. 14, 2013). In the Fourth Circuit, a district court should appoint counsel in such matters only if the case presents "'exceptional circumstances' such as particularly complex factual and legal issues or a litigant unable to represent himself adequately." *United States v. Jones*, No. 1:08cr1-1, 2011 WL 3269420, at *2 (E.D. Va. July 28, 2011) (citation omitted).

   Here, Petitioner has made no showing of exceptional circumstances that would warrant the appointment of counsel. As evidenced from Petitioner's motion, he is capable of communicating his position to the Court without the assistance of counsel. *See Dire v. United States,* No. 2:10cr56, 2013 WL 6912666, at *2 (E.D. Va. Dec. 20, 2013) ("Movant's eloquent, well-reasoned motion . . . belie[s] the assertion that his lack of education and language barrier somehow prevent him from communicating his habeas claims to this Court without the assistance of counsel."). Moreover, the legal issues raised by Petitioner are hardly novel or complex. Unlike on direct appeal, Petitioner's indigent status is, by itself, insufficient. *See Little v. United States*, 184 F. Supp. 2d 489,

4

498 n.6 (E.D. Va. 2002). Accordingly, the Court will deny Petitioner's motion.

    B. Motion to Vacate

A motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 allows a prisoner to challenge the legality of his sentence on four grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The petitioner bears the burden of demonstrating his grounds for relief by a preponderance of the evidence. *See Hall v. United States*, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998).

A § 2255 motion is, in essence, a statutory federal habeas corpus action that collaterally attacks a sentence or conviction through the filing of a new proceeding, as contrasted with a direct appeal. *See In re Jones*, 226 F.3d 328, 332–33 (4th Cir. 2000) ("'[Section] 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus[.]'" (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974))). The existence of the right to pursue a collateral attack, however, does not displace a direct appeal as the "usual and customary method of correcting trial errors." *United States*

*v. Allgood,* 48 F. Supp. 2d 554, 558 (E.D. Va. 1999). Claims regarding trial or sentencing errors that could have been, but were not, raised on direct appeal are procedurally barred from review under § 2255. *See Bousley v. United States*, 523 U.S. 614, 621-22 (1998).

Nevertheless, an exception applies for claims of ineffective assistance of counsel, such as those asserted here. *See United States v. Martinez,* 136 F.3d 972, 979 (4th Cir. 1998); *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997) ("[I]t is well settled that a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance." (citation omitted)).

Under the standard promulgated in *Strickland v. Washington,* 466 U.S. 668 (1984), a petitioner is required to demonstrate two elements in order to state a successful claim for ineffective assistance: (1) "counsel's representation fell below an objective standard of reasonableness"; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694.

To establish constitutionally deficient performance under the first prong, a petitioner must demonstrate that his lawyer "made errors so serious that counsel was not functioning

6

as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland,* 466 U.S. at 687. Such a showing must go beyond establishing that counsel's performance was below average, since "effective representation is not synonymous with errorless representation." *Springer v. Collins,* 586 F.2d 329, 332 (4th Cir. 1978); *see also Strickland,* 466 U.S. at 687. Given it is all too easy to challenge an act, omission, or strategy once it has proven unsuccessful, "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland,* 466 U.S. at 689.

In assessing performance, a court must apply a "heavy measure of deference to counsel's judgments." *Strickland,* 466 U.S. at 691. A lawyer's decision not to pursue a defense does not constitute deficient performance if, as is typically the case, the lawyer has a reasonable justification for the decision. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 690.

The second prong requires a petitioner to "affirmatively prove prejudice," which necessitates a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

7

been different." *Strickland,* 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Having reviewed Petitioner's claims along with the record in this case, the Court finds that Petitioner has failed to carry his burden as to either element of the *Strickland* test. As discussed below, each of the arguments Petitioner claims counsel should have made, but allegedly did not, were either foreclosed by admissions Petitioner made in connection with his guilty plea, were in fact made by counsel at sentencing, or would have failed as a matter of law.

Petitioner first argues that counsel's performance was constitutionally deficient because he failed to present Petitioner's extraordinary family circumstances and other unspecified § 3553(a) factors at sentencing. (Mot. to Vacate at 4.) Defense counsel, however, did in fact raise Petitioner's family circumstances and numerous other factors in the context of Petitioner's personal history and characteristics. (*See* Def.'s Sentencing Mem. [Dkt. 13] at 11-13.) With defense counsel having raised the very issues Petitioner claims should have been asserted, Petitioner cannot now establish deficient performance or prejudice with respect to this claim. *See Jackson v. United States,* 638 F. Supp. 2d 514, 530 (W.D.N.C. 2009) ("[A]llegations which are contradicted by the record do

8

not warrant relief[.]" (citation omitted)); *see also Ecker v. United States*, No. 1:11cv1006, 2012 WL 6214356, at *7 (E.D. Va. Dec. 12, 2012) (rejecting petitioner's ineffective assistance claim on grounds that the record refuted his arguments). Petitioner, moreover, has alleged no facts to support a claim that these issues should have been raised in some other form, or that a different strategy would have resulted in a shorter sentence. *See United States v. Noble*, No. 3:07-CR-431, 2010 WL 3529274, at *7 (E.D. Va. Sept. 7, 2010) ("Since, [petitioner] has not alleged additional facts which would suggest that the arguments failed because of his counsel's incompetence and not their utter lack of legal merit, his claims fail to meet the requirements of *Strickland*.").

Petitioner's second and third claims are, respectively, that defense counsel was deficient for failing to argue that there were fewer than ten victims and that the loss was actually less than $2.7 million. (Mot. to Vacate at 5-7.) Counsel's failure to make these arguments cannot possibly constitute deficient performance given Petitioner admitted these facts in connection with his plea agreement. As noted above, Petitioner agreed in his plea deal that the offense involved ten or more victims and caused more than $2.7 million in losses. (Plea Agreement at 3.) Petitioner further acknowledged these facts during his sworn plea colloquy. In sum, defense counsel

9

was not deficient, nor can any prejudice have resulted, in omitting these meritless arguments that would have directly contradicted both the facts of the case and Petitioner's repeated admissions to the Court.  *See Moon v. United States*, 181 F. Supp. 2d 596, 603 (E.D. Va. 2002) (finding counsel's performance did not fall below an objective standard of reasonableness when she omitted arguments at sentencing that ran counter to petitioner's prior admissions).

Petitioner next claims that defense counsel was constitutionally deficient for failing to argue that Petitioner operated a legitimate business in the years prior to the fraud. (Mot. to Vacate at 8.)  This argument runs into the same barrier as Petitioner's first claim – *i.e.* counsel did in fact raise this point.  (*See* Def.'s Sentencing Mem. at 9.)  Petitioner has again alleged no facts to support a claim that this issue should have been raised in some other form, or that raising it in another fashion would have resulted in a shorter sentence.  As such, this claims fails.  *See Ecker*, 2012 WL 6214356, at *7 (rejecting petitioner's ineffective assistance claim on grounds that the record refuted his arguments).

Petitioner's final argument - that defense counsel erred by failing to argue that he was entitled to a downward variance for voluntary disclosure under U.S.S.G. § 5K2.16 – fails because it is legally meritless.  (Mot. to Vacate at 14.)

10

Petitioner apparently concludes that § 5K2.16 should have applied because, when law enforcement approached him in 2012, he agreed to a voluntary interview and ultimately confessed to the fraud. (*Id.*) As numerous courts have noted, § 5K2.16 is inapplicable in such circumstances. *See, e.g., Meadows v. United States,* No. 5:03-cv-02418, 2007 WL 527476, at *8 (S.D. W. Va. Feb. 14, 2007) (noting that defendant was not entitled to a departure pursuant to § 5K2.16 because "his disclosures occurred in connection with the investigation or prosecution of . . . the related conduct"). Failure to assert a meritless argument, as is the case here, is not ineffective assistance. *See Noble*, 2010 WL 3529274, at *7 (noting that omission of a baseless objection is not deficient performance (citation omitted)).

In sum, the record does not support Petitioner's claims. There is nothing to indicate that counsel failed to adequately represent Petitioner's interests at any point during the underlying proceedings. As best the Court can discern, Petitioner now has buyer's remorse regarding his plea deal and ultimate sentence. As Judge Wilkinson recently remarked, "buyer's remorse should not be dressed in the garb of an ineffective assistance of counsel claim." *United States v. Jackson,* No. 12-6756, 2014 WL 486673, at *9 (4th Cir. Feb. 7, 2014) (Wilkinson, J., dissenting). Accordingly, Petitioner's motion will be denied.

## III. Conclusion

For the foregoing reasons, the Court will deny Petitioner's motions and dismiss this action. An appropriate Order will issue.

|  |  |
|---|---|
|  | /s/ |
| March 19, 2014 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |